1  **BRIAN P. FUNK**
   Attorney at Law
2  964 Fifth Avenue, Suite 214
   San Diego, California 92101
3  Telephone No. (619) 233-4076
   Facsimile No. (619) 699-5961
4  State Bar No.: 110462

5

   Attorney for Defendant,
6

7

8

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11

12
   | UNITED STATES OF AMERICA, | ) | CASE NO. 21 CR 3458-GPC |
13 |                            | ) |                         |
   |                            | ) | **DEFENDANTS SENTENCING** |
14 |          Plaintiff,        | ) | **MEMO**                |
15 |                            | ) | **06/27/22**            |
   |            vs.             | ) | 8:30 AM                 |
16 |                            | ) |                         |
17 | HOMER HERNANDEZ JR.        | ) |                         |
18 |          Defendant.        | ) |                         |
19 |                            | ) |                         |

20  **C.T.S.  WITH 12  MONTHS OF HOUSE ARREST    IS A FAIR AND   JUST**
21  **OUTCOME IN THIS CASE:**

22

23  Here we have a 39 YR old US citizen who lives in TJ with his common law wife
24  and two kids age 3 and 1.  He has an ex-wife and two other children he helps
25  support in Georgia.  He is the Youngest by 12 years of 6 siblings.  He did freely
26  admit to crossing 5 prior times although the agents had no information regarding
27  that and it should not factor into relevant conduct.

28

   /

MINOR ROLE:

1. The degree to which the defendant understood the scope and structure of criminal activity-

   He ONLY knew he was crossing the car/truck but otherwise had no idea of the planning, loading, unloading, finance or sales of the drugs or DTO.

2. The degree to which the defendant participated in the planning or organizing of the criminal activity-

   Other than answering the phone NONE. He had no role in planning or organizing.

3. The degree to which defendant exercised decision making authority-

   Other than the decision to cross- NONE

4. The nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts.-

   Other than Crossing the vehicles -NONE.

5. the degree to which the defendant stood to benefit from the criminal activity.-

   $3,000 per crossing.

Thus under the case law and 3553 factors defendant should receive a minor role.

GUIDELINES:

```
BASE                    =    38
MINOR ROLE                   -2
ACCEPTANCE                   -3
FAST TRACK                   -4
COVID + 3553 FACTORS         -2
SAFETY VALVE                 -2
```

NET            25 @ I  = 57-71 MONTHS

RECOMMENDATION   CTS + YEAR OF HOUSE ARREST with a variance.

//

- 2 -

**As the Court is aware the Guidelines are only the starting point and advisory only.**

The sentencing court must then consider the factors outlined in 18 U.S.C. § 3553(a)
to determine if they support the sentence suggested by the parties, specifically:
- the nature and circumstances of the offense, § 3553(a)(1);
- the history and characteristics of the defendant, § 3553(a)(1);
- the kinds of sentences available, § 3553(a)(3);
- the sentencing guidelines range, § 3553(a)(4);
- pertinent Sentencing Commission policy statements, § 3553(a)(5);

This court is "empowered to disagree with the Guidelines, when the circumstances in an individual case warrant." *United States v. Mitchell*, 624 F.3d 1023, 1028 (9th Cir. 2010). Although "[n]o judge is *required* to sentence at a variance with a Guideline" . . . "every judge is at liberty to do so." *Id*. at 1030 (citing *United States v. Corner*, 598 F.3d 411, 416 (7th Cir. 2010)). Under these principles, the court is at liberty to tailor a sentence to the individual defendant. *United States v. Chavez*, 611 F.3d 1006 (9th Cir. 2010) (citing *Kimbrough*, 552 U.S. at 101).

A variance is appropriately applied so that the sentence imposed is sufficient, but not greater than necessary pursuant to § 3553(a), "achieving sentencing goals of punishment as well as general and specific deterrence."

By making House arrest as a condition of Probation The Court will maintain defendants ability to support two families and will serve to deter future conduct by the defendant and others.

Dated:  June 7, 2022                    Respectfully submitted,

                                        /s/ Brian P. Funk